B 104 [08/07]

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** LEONARD J. ACKERMAN, Chapter 7 Trustee, | **DEFENDANTS** OSAS, INC., a dissolved California corporation; MICHAEL G. BERGTHOLD, an individual; SUSAN H. SNOW; an individual, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Law Office of William P. Fennell, APLC 501 W. Broadway, Suite 1850 San Diego, CA 92101 (619) 325-1560 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Turnover of Property of the Estate - 11 U.S.C. § 542; Accounting; Failure to Comply with California Corporations Code Section 1900 et. seq.; Breach of Fiduciary Duty

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand **$ 47,500.00** |

Other Relief Sought

B 104

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>TREASURES, INC. | | BANKRUPTCY CASE NO.<br>12-06689-MM7 |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE<br>SAN DIEGO | NAME OF JUDGE<br>MARGARET M. MANN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/William P. Fennell | | |
| DATE<br>05/08/2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William P. Fennell | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

William P. Fennell, Esq. (SBN 164210)
Zachary S. Schumacher, Esq. (SBN 286898)
Of Counsel: Melissa A. Blackburn Joniaux (SBN 105470)
LAW OFFICE OF WILLIAM P. FENNELL, APLC
501 W. Broadway, Suite 1850
San Diego, CA  92101
Tel: (619) 325-1560
Fax: (619) 325-1558

Attorneys for Leonard J. Ackerman, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>TREASURES, INC.<br><br>Debtor.<br>_____<br>LEONARD J. ACKERMAN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>OSAS, INC., a dissolved California corporation; MICHAEL G. BERGTHOLD, an individual; SUSAN H. SNOW, an individual,<br><br>Defendant.<br>_____ | Case No. 12-06689-MM7<br><br>Adversary No.<br><br>**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE; ACCOUNTING; FAILURE TO COMPLY WITH CALIFORNIA CORPORATIONS CODE SECTION 1900 ET. SEQ.; BREACH OF FIDUCIARY DUTY** |

Plaintiff, Leonard J. Ackerman, the Chapter 7 Trustee ("Trustee" or "Plaintiff"), of the Bankruptcy Estate of *In re Treasures, Inc.* ("Treasures" or "Debtor") alleges as follows:

**JURISDICTION/VENUE**

1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)(E) and (O).  This Court has jurisdiction over the subject matter of this adversary proceeding based on 28 U.S.C. §§ 157(a) and 1334(b) and General Order 312-D of the United States District Court, Southern District of California.

2. Venue is based on 28 U.S.C. § 1409(a) in that the instant proceeding is related to the Debtor's bankruptcy case, which is still pending.

3. This Complaint initiates an adversary proceeding within the meaning of Federal Rules of Bankruptcy Procedure 7001(1), 7001(2), 7001(7) and 7001(9).

**PARTIES**

4. Plaintiff is the Chapter 7 Trustee of the Treasures's Bankruptcy Estate pending in this District as Case No. 12-06689-MM7. Treasures filed its Chapter 11 bankruptcy proceeding on May 8, 2012. The proceeding was converted to one under Chapter 7 on or about November 30, 2012, at which time the Plaintiff was appointed as the Chapter 7 Trustee of Treasures.

5. Accordingly, Plaintiff is the duly authorized representative of the Bankruptcy Estate pursuant to Section 704 of the Bankruptcy Code.

6. Plaintiff is informed and believes that OSAS, Inc. ("OSAS" or "Defendant") was, at all relevant times, a corporation doing business in the County of San Diego, State of California.

7. Plaintiff is further informed and believes that according to the records of the California Secretary of State, OSAS was dissolved on April 16, 2014. A true and correct copy of the Domestic Stock Corporation Certificate of Dissolution filed with the California Secretary of State on April 16, 2014 is attached hereto as Exhibit "A" and incorporated herein by reference.

8. Plaintiff is informed and believes that, at all relevant times, Michael G. Bergthold ("Bergthold") an individual residing in San Diego County, California, was a principal and director of OSAS.

9. Plaintiff is informed and believes that, at all relevant times, Susan H. Snow ("Snow"), an individual residing in San Diego County, California, was a principal and director of OSAS.

**GENERAL ALLEGATIONS**

10. Plaintiff is informed and believes that, on or about June 28, 2012 the Debtor submitted the Ex Parte Application to Employ OSAS Inc. As Chief Restructuring Officer for the Debtor ("Employment Application") [Docket # 53] to the Bankruptcy Court for

- 2 -                      20140508 TREA Complaint Adv OSAS V3.wpd

approval of the employment of OSAS as Chief Restructuring Officer for the Debtor.

11. As set forth in the Employment Application, the fees and costs to be paid to OSAS were subject to Bankruptcy Court approval.

12. Plaintiff is informed and believes that, on August 3, 2012, the Bankruptcy Court entered the Order on Ex Parte Application to Employ OSAS Inc. as Chief Restructuring Officer for the Debtor ("Order") [Docket #90] and Paragraph 4 of the Order states "Payment of the fixed fee compensation and reimbursement of expenses are subject to Court approval after appropriate application, notice and hearing."

13. Plaintiff is informed and believes, in connection with the retention of OSAS as the Debtor's Chief Restructuring Officer, a $95,000 retainer was paid to OSAS.

14. On May 23, 2013, OSAS acknowledged that, after payment of allowed fees and expenses of $49,182.01, OSAS had possession of funds of the Debtor in the amount of $47,500 representing the unapplied retainer.

15. The unapplied retainer in the amount of $47,500 is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. §541 ("Property") and should have been deposited in a client trust account for the benefit of the Debtor.

16. Plaintiff made demand on Defendant for the return of the Property but Defendant failed to return the Property to the Estate.

17. On May 1, 2014, Plaintiff became aware, through a search of the records of the California Secretary of State, that OSAS was "voluntarily dissolved" on April 16, 2014.

18. In the Certificate of Dissolution, Bergthold and Snow state, under penalty of perjury, that "The corporation's known debts and liabililties have been actually paid", Exhibit "A".

19. However, neither OSAS nor its principals have returned the Property to the Trustee, nor did they provide notice of the voluntary dissolution of OSAS to the Trustee nor have they returned the Property to the Estate.

- 3 -    20140508 TREA Complaint Adv OSAS V3.wpd

**FIRST CLAIM FOR RELIEF**
**(Turnover of Property of the Estate - 11 U.S.C. § 542)**

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. Plaintiff is informed and believes that OSAS or its principals are in possession of Property of the Treasure's Bankruptcy Estate in the amount of at least $47,500.00 or an amount according to proof at trial.

22. Plaintiff is informed and believes that the sum of at least $47,500 is Property of the Debtor's Estate, is owed by OSAS or its principals, is payable on demand and pursuant to 11 U.S.C. §550, Plaintiff is entitled to recover for the benefit of the Estate, the Property of the Debtor's Bankruptcy Estate.

**SECOND CLAIM FOR RELIEF**
**(Accounting )**

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

25. Plaintiff is informed and believes that OSAS or its principals are in possession of Property of the Treasure's Bankruptcy Estate in the amount of at least $47,500.00 or an amount according to proof at trial.

26. Despite demand therefor, OSAS and its principals have failed to turnover the unapplied retainer to the Plaintiff.

27. Plaintiff is informed and believes that, based upon the foregoing, an accounting by OSAS or it's principals is required.

**THIRD CLAIM FOR RELIEF**
**(Failure to Comply with California Corporations Code Section 1900 et. seq.)**

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Plaintiff is informed and believes that OSAS and its principals have failed to comply with the provisions of California Corporations Code Section 1900 et. seq by failing to provide written notice of the commencement of the voluntary proceeding for dissolution,

by failing to turn over funds that were to be maintained or should have been maintained in a client trust account and by failing to provide an accounting of the same.

### FOURTH CLAIM FOR RELIEF
**(Breach of Fiduciary Duty)**

30.   Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.   As a professional employed by the Debtor, OSAS and its principals owed a fiduciary duty to the estate to maintain the retainer paid to it in a client trust account.

32.   Plaintiff is informed and believes that OSAS and its principals failed to maintain the unapplied retainer in such a client trust account and the failure to do so constituted a breach of the fiduciary duty owed to the Estate.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### FIRST CLAIM FOR RELIEF
**(Turnover of Property of the Estate - 11 U.S.C. § 542)**

1.   For turnover of the transfers of the Debtor's property in the amount of at least $47,500.00 or in an amount according to proof at trial, for the benefit of the Estate;

2.   For such other relief as the Court deems necessary and proper; and

3.   If appropriate, attorney's fees and costs to Plaintiff.

### SECOND CLAIM FOR RELIEF
**(Accounting )**

1.   For an accounting of the disposition of the Debtor's property;

2.   For such other relief as the Court deems necessary and proper; and

3.   If appropriate, attorney's fees and costs to Plaintiff.

### THIRD CLAIM FOR RELIEF
**(Failure to Comply with California Corporations Code Section 1900 et. seq.)**

1.   For damages in the sum of at least $47,500.00 or in an amount according to proof at trial, for the benefit of the Estate;

2. For such other relief as the Court deems necessary and proper; and

3. If appropriate, attorney's fees and costs to Plaintiff.

### FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

1. For Judgment in favor of Plaintiff and against the Defendants, and each of them for breach of fiduciary duty;

2. For damages resulting from said breach, or breaches, of duty in the sum of at least $47,500.00 or in an amount according to proof at trial, for the benefit of the Estate;

3. For such other relief as the Court deems necessary and proper; and

4. If appropriate, attorney's fees and costs to Plaintiff.

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: May 8, 2014          By: /s/William P. Fennell
                                William P. Fennell, Esq.
                                Attorneys for Leonard J. Ackerman, Chapter 7 Trustee



| DISS STK | D1237131 |

# State of California
## Secretary of State

32-69192

**Domestic Stock Corporation
Certificate of Dissolution**

**FILED**
Secretary of State
State of California
APR 16 2014

There is no fee for filing a Certificate of Dissolution.

IMPORTANT – Read instructions before completing this form.

This Space For Filing Use Only

**Corporate Name** (Enter the name of the domestic stock corporation exactly as it is of record with the California Secretary of State.)

1. Name of corporation

   OSAS Inc

**Required Statements** (The following statements are required by statute and should not be altered.)

2. A final franchise tax return, as described by California Revenue and Taxation Code section 23332, has been or will be filed with the California Franchise Tax Board, as required under the California Revenue and Taxation Code, Division 2, Part 10.2 (commencing with Section 18401). The corporation has been completely wound up and is dissolved.

**Debts & Liabilities** (Check the applicable statement. Note: Only one box may be checked.)

3. [X] The corporation's known debts and liabilities have been actually paid.

   [ ] The corporation's known debts and liabilities have been paid as far as its assets permitted.

   [ ] The corporation's known debts and liabilities have been adequately provided for by their assumption and the name and address of the assumer is _____

   [ ] The corporation's known debts and liabilities have been adequately provided for as far as its assets permitted.
   (Specify in an attachment to this certificate (incorporated herein by this reference) the provision made and the address of the corporation, person or governmental agency that has assumed or guaranteed the payment, or the name and address of the depositary with which deposit has been made or other information necessary to enable creditors or others to whom payment is to be made to appear and claim payment.)

   [ ] The corporation never incurred any known debts or liabilities.

**Assets** (Check the applicable statement. Note: Only one box may be checked.)

4. [X] The known assets have been distributed to the persons entitled thereto.

   [ ] The corporation never acquired any known assets.

**Election** (Check the "YES" or "NO" box, as applicable. Note: If the "NO" box is checked, a Certificate of Election to Wind Up and Dissolve pursuant to Corporations Code section 1901 must be filed prior to or together with this Certificate of Dissolution.)

5. The election to dissolve was made by the vote of all the outstanding shares.    [X] YES    [ ] NO

**Verification & Execution** (If additional signature space is necessary, the dated signature(s) with verification(s) may be made on an attachment to this certificate. Any attachments to this certificate are incorporated herein by this reference.)

6. The undersigned constitute(s) the sole director or a majority of the directors now in office. I declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of my own knowledge.

4/11/14
Date

_____    Michael G. Bergfield
Signature of Director       Type or Print Name of Director

_____    Susan H. Snow
Signature of Director       Type or Print Name of Director

_____    _____
Signature of Director       Type or Print Name of Director

DISS STK (REV 01/2013)    APPROVED BY SECRETARY OF STATE

**EXHIBIT "A"**



I hereby certify that the foregoing transcript of ___1___ page(s) is a full, true and correct copy of the original record in the custody of the California Secretary of State's office.

MAY 0 5 2014

Date:_____ HGO

DEBRA BOWEN, Secretary of State

**EXHIBIT "A"**